**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-02792-NYW-NRN

SCOTT THOMAS WARRINGTON,

     Plaintiff,

v.

MARKWAYNE MULLIN,[1] in his official capacity,

     Defendant.

_____

**OMNIBUS ORDER**

_____

This matter is before the Court on the following:

(1)     "Warrington Motion for Reconsideration of Majistrate[2] (ECF No. 105) Denial" ("Objection") [Doc. 127, filed June 14, 2025], filed by Plaintiff Scott Thomas Warrington ("Plaintiff" or "Mr. Warrington"), which challenges the denial of a Motion for Sanctions [Doc. 105, filed April 24, 2025] by the Honorable N. Reid Neureiter on June 11, 2025 [Doc. 125];

_____

[1] Markwayne Mullin was confirmed as Kristi Noem's successor as Secretary of Homeland Security on March 24, 2026. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Mullin is automatically substituted as Defendant in this action and the Clerk of the Court is **DIRECTED** to **AMEND** the caption accordingly. Given the changes of individuals serving in this capacity, for ease of reference, the Court simply refers to the remaining defendant in this case as "Defendant" or "Secretary of Homeland Security."

[2] As previously recognized by this Court, Mr. Warrington proceeds pro se, and therefore, is accorded liberal construction of his filings. [Doc. 83 at 3–4 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). In so doing, when the Court quotes from Mr. Warrington's filings, it does so without changing the syntax, correcting misspellings, or using [sic].

(2)     Report and Recommendation on Plaintiff's Motion for Leave to Add Back in Defendants and Due Process Violations ("First Motion to Amend") (ECF No. 110) issued June 12, 2025 ("June 12 Recommendation") [Doc. 126], to which Plaintiff has not filed an Objection;

(3)     Report and Recommendation on Defendant's Motion for Summary Judgment (ECF No. 130) issued on December 16, 2025 ("December 16 Recommendation") [Doc. 164], to which Plaintiff has filed an Objection [Doc. 165, filed December 25, 2026]; Defendant has filed a Response [Doc. 171, filed January 5, 2026]; Plaintiff has filed a Reply [Doc. 172];[3] and

(4)     Report and Recommendation on Plaintiff's Motion for Leave to File Second Amended Complaint and Clarifing Motion Regarding Regulatory Noncompliance and Resulting Structural Cardiac Injury (ECF No. 168) ("Second Motion to Amend") issued January 22, 2026 ("January 22 Recommendation") [Doc. 181], to which Plaintiff has filed an Objection [Doc. 182, filed January 22, 2026], and Defendant has filed a Response [Doc. 188, filed February 5, 2026].

These matters are ripe for resolution. For the following reasons, Plaintiff's various Objections are respectfully **OVERRULED**; the June 12 Recommendation is **ADOPTED**; the Motion for Reconsideration is **DENIED**; the December 16 Recommendation is

---

[3] Neither Rule 72 nor this District's Local Rules contemplates a party filing a Reply to an Objection of a Magistrate Judge's Recommendation. Instead of striking such Reply, however, for the purposes of efficiency, this Court will simply consider Plaintiff's arguments in the context of ruling on the Report and Recommendation.

**ADOPTED**; the January 22 Recommendation is **ADOPTED**; and Plaintiff's remaining pending motions are **DENIED as moot**.

## LEGAL STANDARDS

### I.    Rule 72(a)

When a magistrate judge issues an order on a non-dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*  Under this standard of review, a magistrate judge's findings should not be rejected merely because the district court would have decided the matter differently.  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  A district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

### II.    Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  Within 14 days of a recommendation from a magistrate judge, a party may serve and file specific written objections to the proposed findings and recommendations.  Fed. R. Civ. P. 72(a), (b)(2).  In the case of a recommendation on a dispositive matter, a party may respond to another party's objections within 14 days after being served a copy.  Fed. R. Civ. P. 72(b)(2).

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the unobjected to portions of the Recommendations to satisfy itself that there is "no clear error on the face of the record."[4] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### III.    Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party,

---

[4] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

is such that a reasonable jury could return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

At summary judgment, a movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views the record in the light most favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

## BACKGROUND

The Court has discussed the background of this case in other Orders, *see e.g.* [Doc. 83], and it is set forth in the Recommendations by the Honorable N. Reid Neureiter, *see e.g.*, [Doc. 77; Doc. 164], and thus, the Court will focus its discussion herein on the procedural posture of the case. Mr. Warrington, who is over 40 years of age, was employed by the Transportation Security Administration ("TSA") as a transportation security officer from 2014 to 2020. [Doc. 11 at ¶ 1; Doc. 11-1 at ¶ 27].[5] This action arises

---

[5] Plaintiff's Amended Complaint contains an attachment titled "Statements and Claims." *See* [Doc. 11-1 at 1]. The Court construes [Doc. 11] and [Doc. 11-1] together to be Plaintiff's Amended Complaint.

5

from his interactions with a United Airlines employee, Shelley Corwin ("Ms. Corwin"), who later lodged a harassment claim against him. [Doc. 11 at ¶¶ 8–9]. Ultimately, his employment was terminated on January 16, 2020, and was replaced by a younger employee. [*Id.* at ¶ 17; Doc. 11-1 at ¶ 30]. Plaintiff initiated this lawsuit on October 21, 2022, [Doc. 1], and filed the operative Employment Discrimination Complaint (the "Amended Complaint") on December 1, 2022, [Doc. 11; Doc. 11-1]. In his Amended Complaint, he names the TSA; the Department of Homeland Security ("DHS," and collectively with TSA, the "Agency Defendants"); Alejandro Mayorkas, the Secretary of DHS ("Secretary Mayorkas"); and David Peter Pekoske, the TSA Administrator ("Administrator Pekoske," and with Secretary Mayorkas, the "Individual Defendants") as Defendants. [Doc. 11 at 1]. Plaintiff asserted three claims against all Defendants: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (2) a Fifth Amendment substantive due process claim; and (3) a Fifth Amendment procedural due process claim. [Doc. 11-1 at ¶¶ 22–48].

Defendants filed a Motion to Dismiss [Doc. 37] which was granted in part and denied in part by this Court upon review of a Recommendation by Judge Neureiter, over objection by Mr. Warrington, [Doc. 77; Doc. 83]. Plaintiff filed a Motion for Summary Judgment [Doc. 64] that was denied as premature, [Doc. 83 at 21]. After the Court's ruling, the only remaining claim was Mr. Warrington's cause of action arising under the ADEA against the Secretary of Homeland Security, in his official capacity. [*Id.* at 22; Doc. 89]. The Secretary of Homeland Security then filed an Answer to the Amended Complaint on October 4, 2024. [Doc. 84]. The Court entered a Scheduling Order, setting a deadline for amendment of pleadings and joinder of parties no later than December 11, 2024 and

the close of pretrial discovery of May 20, 2025.  [Doc. 98 at 13].  The Parties proceeded

to discovery, which included the deposition of Mr. Warrington on or about April 15, 2025

in Durango, Colorado.  [Doc. 105 at 1].

*Motion for Sanctions.*  On April 24, 2025, Plaintiff filed a Motion for Sanctions,

arguing that the Court should sanction Assistant United States Attorney Nick Deuschle

and TSA attorney Nathan Bryan.  [Doc. 105].  Though not entirely clear, Mr. Warrington

seems to argue that they engaged in misconduct by withholding documents during the

discovery process and failing to "end this discrimination."  [*Id*. at 15].  The Motion for

Sanctions was referred to Judge Neureiter [Doc. 106], who set it for hearing after full

briefing, [Doc. 113; Doc. 116; Doc. 118].  During that hearing on June 11, 2025,[6] Judge

Neureiter denied the Motion for Sanctions on the record. [Doc. 125].  Mr. Warrington filed

a Motion for Reconsideration of Majistrate (ECF No. 105) Denial ("Objection") [Doc. 127,

filed June 14, 2025; Doc. 128, filed June 15, 2026], which this Court construed as an

Objection to Magistrate Judge Neureiter's June 11 denial, [Doc. 129].

*First Motion to Amend.*  Mr. Warrington also filed a First Motion to Amend,

seeking leave to add a number of additional defendants beyond the original ones to his

operative pleading and to add back his substantive and procedural due process claims

brought pursuant to the Fifth Amendment.  [Doc. 110].  The Motion to Amend was referred

to Judge Neureiter [Doc. 112], who set it for hearing, [Doc. 118], and construed it as a

motion for reconsideration or a motion for leave to amend out of time, [Doc. 125].  Judge

---

[6] This Court has reviewed the recording from the June 11 hearing before Judge Neureiter.
During that hearing, among other things, Judge Neureiter confirmed that Defendant had
completed discovery, and explained to Mr. Warrington the likely next pretrial step of a
motion for summary judgment by Defendant.

Neureiter then issued a Recommendation that the Motion be denied after full briefing on June 12, 2025.  [Doc. 122; Doc. 123; Doc. 126].  Plaintiff did not file a timely objection to this Recommendation.

***Motion for Summary Judgment.***  On June 20, 2025, the Secretary of Homeland Security filed a Motion for Summary Judgment, [Doc. 130], which this Court referred to Judge Neureiter, [Doc. 148].  After receiving several extensions of time to respond, Mr. Warrington filed a Response to the Motion for Summary Judgment on September 1, 2025. [Doc. 147].  Defendant filed a Reply on September 15, 2025, [Doc. 150].  On November 20, 2025, Judge Neureiter held a hearing on the Motion for Summary Judgment.  [Doc. 162].  On December 4, 2025, Mr. Warrington filed a Sur-Reply, [Doc. 163].[7]  On December 16, 2025, Judge Neureiter issued his Recommendation that the Motion for Summary Judgment be granted.  [Doc. 164].  Nine days later, Mr. Warrington filed an Objection to the December 16 Recommendation, [Doc. 165], to which Defendant responded, [Doc. 171].

***Motion to Supplement Record, Second Motion to Amend, Second Motion for Sanctions.***  Mr. Warrington continued to file a series of motions, including Plaintiff's Motion to Place DOJ Email into the Record and for Clarification Regarding Dissemination of Non-Public Information ("Motion to Supplement Record") [Doc. 166, filed December 30, 2025]; Plaintiff's Motion for Relief From Proceedings and for Sanctions Pursuant to FRCP 60(b)(3) and Rule 11 ("Second Motion for Sanctions") [Doc. 175, filed January 16,

---

[7] Magistrate Judge Neureiter granted Plaintiff leave to file a Sur-Reply of no longer than eight pages on November 19, 2025.  [Doc. 151; Doc. 161; Doc. 162].

2026]; and Plaintiff's Second Motion to Amend and a Notice of Errata thereto.  [Doc. 168; Doc. 170, filed January 5, 2026].

On January 22, 2026, Judge Neureiter denied the Motion to Supplement the Record and the Second Motion for Sanctions by Order ("January 22 Order").  [Doc. 180]. That same day, Judge Neureiter recommended that the Second Motion to Amend be denied on January 22, 2026.  [Doc. 181].  Mr. Warrington filed a combined Objection to both the Order and Recommendation that same day.  [Doc. 182].

***Other Motions****.*    Beyond these specific Motions, Mr. Warrington has filed a plethora of motions – to date, approximately 35, not counting his various responses and objections.  Still pending before this Court are Plaintiff's Motion for Judicial Notice of Material Facts Contained in the Administrative Record and Discovery [Doc. 173, filed January 16, 2026]; Plaintiff's Motion for Relief from Proceedings (Procedural Relief Based on Structural Defects in the Administrative Record) [Doc. 174, filed January 16, 2026]; Plaintiff's Notice of Jurisdictional Forfeiture and Motion to Strike Doc. 188 as a Rule 11 and Rule 60(b)(3) Violation [Doc. 191, filed February 5, 2026]; and Motion for Immediate Judgment Due to Agency Jurisdictional Failure [Doc. 195, filed February 19, 2026].  Judge Neureiter also issued an Order denying Plaintiff's Motion Regarding TSA's Failure to Comply with MD 1100.73-3 and Request for OOI Review (ECF No. 183) and Motion for Immediate Entry of Judgment for Lack of Agency Jurisdiction and Notice of Ongoing Due Process Violations by the Court, the Magistrate Judge, and Department of Justice (ECF No. 186) ("April 13 Order") [Doc. 200, filed April 13, 2026], to which Mr. Warrington has objected, [Doc. 201].

## ANALYSIS

### I.    April 24 Order

Though not entirely clear, in his Motion for Sanctions and as explained by him during the June 11 hearing, Mr. Warrington appears to argue that once defense counsel obtained discovery in this matter, it was incumbent upon Defendant to concede Mr. Warrington's claim, and failure to do so resulted in an ethical violation by defense counsel that requires sanctions, including but not limited to liquidated damages and disbarment of counsel.   [Doc. 105].   The Motion for Sanctions also suggests that Defendant improperly withheld responsive documents, in particular a transcript from a proceeding in the La Plata County District Court.  [*Id.* at 2–3].  In Response, Defendant argues that the Motion for Sanctions should be denied for failure to confer; failure to comply with Judge Neureiter's discovery dispute procedures; failure to identify a legal basis for the Motion for Sanctions; and failure to comply with the Court's page-limit requirements.  [Doc. 113]. On Reply, Mr. Warrington continues to argue that defense counsel should have understood that the underlying administrative proceeding was "highly problematic and frankly irrelevant.  Meaning without question the Plaintiff met all the elements of this Age Discrimination/Disparate Treatment through Pretext and only settlement was at question." [Doc. 116 at 1].  By oral Order on June 11, 2025, Judge Neureiter ultimately denied the Motion for Sanctions, finding that there was no basis to sanction defense counsel.  [Doc. 125].

In his Objection, Mr. Warrington cites to Federal Rule of Civil Procedure 11 and Colorado Rules of Professional Conduct 1.16, 1.2(d), 1.7, 3.3, and 8.4.   [Doc. 127]. Procedurally, this Court cannot award Rule 11 sanctions against defense counsel

10

because Mr. Warrington has failed to comply with Rule 11's safe harbor provisions.  Fed. R. Civ. P. 11(c)(2); *see Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 676–78 (D. Colo. 2014).  Fundamentally, neither Rule 11 nor these Rules of Professional Conduct obligated defense counsel to concede Mr. Warrington's age discrimination claim based on Mr. Warrington's contention that the TSA failed to follow its own internal procedures in terminating him.  This Court understands that Mr. Warrington believes that the evidence in this case can lead to no other conclusion but a ruling in his favor.  But no such ruling from the Court or the administrative agency has been issued, and the evidence to which he points does not reveal that it is patently clear that Defendant's positions have "absolutely no chance of success under the existing precedents."  *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006).  Even assuming that the TSA violated its internal procedures in terminating Mr. Warrington, those facts do not definitively establish that age discrimination was a but-for cause of his termination.[8]  *See Babb v. Wilkie*, 589 U.S. 399, 402 (2020).  And Mr. Warrington does not cite, nor could this Court independently find, any legal authority that stands for the proposition that a violation of internal procedure amounts to per se age discrimination.  Sanctions against opposing counsel under either Rule 11 or the Colorado Rules of Professional Conduct

---

[8] In his Amended Complaint, Plaintiff seeks "1. Reinstatement to the same or similar position; 2. Lost wages, benefits and other compensation in the amount of not less than $184,981 and ongoing; 3. Liquidated damages pursuant to the ADEA; 4. Compensatory and punitive damages in the amount of $750,000; 5. An award of attorney fees and costs in an amount to be proven at trial; 6. Interest on unpaid wages; 7. Such other and further relief as the Court deems just and proper."  [Doc. 11 at 8].  Federal employees, like Mr. Warrington, seeking "reinstatement, backpay, compensatory damages, or other forms of relief related to the end result of an employment decision . . . must show that age discrimination was a but-for cause of the employment outcome."  *Babb v. Wilkie*, 589 U.S. 399, 413 (2020).

are not justified when counsel's only sin appears to be zealously advocating for their client within the bounds of reasonable interpretation of the law. *Cf. Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) (holding that "[l]itigants misuse the Rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment.").

Upon review of the record and the applicable legal authority, this Court is not left with a definite and firm conviction that Judge Neureiter committed a mistake. *See Ocelot*, 847 F.2d at 1464. Accordingly, Plaintiff's Objection to Judge Neureiter's Order Denying the Motion for Sanctions [Doc. 127] is respectfully **OVERRULED**.

## II.    June 12 Recommendation

When a party seeks to amend a pleading after a deadline set by the Scheduling Order, he must satisfy a two-prong test. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). First, the party must demonstrate that there is good cause pursuant to Rule 16 of the Federal Rules of Civil Procedure to amend the Scheduling Order. *Id.* at 1242. Only after the party satisfies this first prong does the Court consider the second prong, i.e., whether amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (finding that the failure to assert an argument pursuant to Rule 16(b) is alone a sufficient basis to deny a motion to amend); *Gorsuch*, 771 F.3d at 1242 ("Having concluded [the movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

In his June 12 Recommendation, Judge Neureiter finds that Plaintiff had failed to comply with Local Rule 15.1(b) in seeking amendment; failed to establish good cause for amendment of the deadline for amendment of pleadings and joinder of parties that had lapsed five months prior; and that any amendment would be untimely and unduly prejudicial to Defendant. [Doc. 126]. Accordingly, Judge Neureiter recommends that the First Motion to Amend be denied. Mr. Warrington did not object to this Recommendation. Upon review of the Recommendation, this Court finds no clear error on the face of the record. Therefore, the June 12 Recommendation is respectfully **ADOPTED**, and Plaintiff's First Motion to Amend is respectfully **DENIED**.

### III.     December 16 Recommendation

Defendant moved for summary judgment, arguing that Mr. Warrington had failed to establish a prima facie case of age discrimination, because the undisputed facts demonstrated that the TSA did not replace him with anyone, let alone someone under 40 years old. [Doc. 130 at 13]. But even assuming that he had established a prima face case, Defendant argues that it had a legitimate, non-discriminatory reason for terminating Mr. Warrington based on his conduct towards Ms. Corwin, and Mr. Warrington had failed to adduce sufficient evidence to create a genuine issue of material fact that the legitimate non-discriminatory reason was pretext for illegal age discrimination. [*Id*. at 17–20]. Specifically, Defendant contends that after investigation into complaints regarding Mr. Warrington's conduct, it concluded that Mr. Warrington's repeated texts and calls to Ms. Corwin violated TSA's Anti-Harassment Policy. [*Id.* at 15–16]. Because of that investigation, and Mr. Warrington's failure to comply with a No Contact Order put in place

to address the harassing conduct, Mr. Warrington's conduct warranted termination. [*Id.* at 15–17].

In Response, Mr. Warrington contends that Ms. Corwin's complaints regarding his conduct were false which was evidenced by the revocation of the Temporary Restraining Order that she had obtained from the La Plata County District Court. [Doc. 147]. He repeatedly contends that he is not required to identify a comparator outside of his protected class, but only that "Plaintiff must show through preponderance of the evidence that the employer's stated reason for the adverse employment action, is not the real/actual reason." *See* [*id.* at 19, 20]. And he insists that the temporal proximity to the dismissal of that TRO and his termination demonstrates "a strong inference of a retaliatory motive." [*Id.* at 21].

Judge Neureiter reviewed the evidence adduced in the record, and recommended summary judgment in favor of Defendant because "Mr. Warrington has failed to adduce evidence from which a reasonable jury could conclude that he was terminated because of his age." [Doc. 164 at 18]. In his Objection, Mr. Warrington points to no specific error by Judge Neureiter, but continues to insist that Judge Neureiter misapprehends the record. [Doc. 165].

Upon de novo review, this Court respectfully agrees. Because summary judgment is beyond the pleading phase of the litigation, Mr. Warrington's version of the facts must find support in the record to create a genuine issue of material fact. *See Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). Allegations from his Amended Complaint are no longer sufficient to satisfy the prima facie inquiry; Plaintiff must present *evidence* that is adequate to create an inference that his termination was, in fact,

14

motivated by his *age*.  *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008).  An age discrimination claim is not, and cannot be, a gateway to the courts for all manners of personnel actions that a federal employee deems wrongful; indeed, other avenues are available to employees challenging wrongful terminations arising from reasons other than unlawful discrimination.  *See*, *e.g.*, 5 U.S.C. § 7543(d).

Mr. Warrington attributes his termination to the misrepresentations of Ms. Corwin and the mishandling of the agency investigation, but he only mentions age in passing and fails to point to any specific evidence in the record that would allow a factfinder to infer that age was the basis of Defendant's actions. *See generally* [Doc. 147; Doc. 165].  And while it is emphatically "not this [C]ourt's duty to scour without guidance a voluminous record for evidence supporting [a litigant's] theory," *United States v. Lewis*, 594 F.3d 1270, 1275 (10th Cir. 2010), this Court has reviewed the various exhibits that Mr. Warrington has offered in support of his ADEA claim and cannot identify any evidence that Mr. Warrington was terminated due to his *age* to support a prima facie case of *age* discrimination.  Even assuming a prima facie case could be established, Mr. Warrington has also failed to adduce sufficient evidence that Defendant's legitimate, non-discriminatory reason for his termination, i.e. his conduct toward Ms. Corwin and his violations of the TSA's Anti-Harassment Policy and the subsequent No Contact Order, were pretext for *age* discrimination.

Accordingly, this Court respectfully **OVERRULES** Plaintiff's Objection; **ADOPTS** the December 16 Recommendation; and **GRANTS** Defendant's Motion for Summary Judgment.

## IV.     January 22 Order & January 22 Recommendation

In Plaintiff's Motion to Supplement Record, Mr. Warrington moves the Court to accept an email from defense counsel into the record to demonstrate that unrelated third parties have knowledge of non-public information about this action. [Doc. 166]. He bases this belief on a former co-worker stating, in response to his reference to this litigation after being asked how he was, "I heard about that." [*Id.*at 1]. Mr. Warrington infers from this statement that defense counsel is somehow encouraging improper discussion about this case that is impacting his ability to litigate it. [*Id.* at 2]. Then, in Plaintiff's Second Motion for Sanctions, he seeks relief under Rule 60(b)(3) and Rule 11 and seems to take issue with Defendant's reliance on an unexecuted Form 1173-1. [Doc. 175 at 2]. By Order dated January 22, 2026, Judge Neureiter denied both these motions. [Doc. 180].

In his Second Motion to Amend, Plaintiff seeks to amend his operative pleading to include defendants who had been previously dismissed, and add over twenty new defendants sued in their individual capacities. [Doc. 168]. He further seeks to re-assert his previously-dismissed claims for procedural and substantive due process violations under the Fifth Amendment; substantive due process violations in contravention of the Fifth Amendment based on the various proposed defendants' failure to follow mandatory federal procedures arising from the TSA investigation; failure to provide oversight; and failure to correct procedural defects during appellate review that ultimately led to his termination. [*Id.* at 7]. In addition, Mr. Warrington "submits that the stress associated with participating in a deposition under these conditions materially contributed to the documented deterioration of his cardiovascular health." [*Id.* at 2]. Judge Neureiter recommended that the Second Motion to Amend because Mr. Warrington did not

16

establish good cause under Rule 16 to permit the filing of an amended pleading after the deadline set by the Scheduling Order and the proposed amendments are futile under Rule 15.  [Doc. 181].

Mr. Warrington filed a Combined Objection to the January 22 Order and January 22 Recommendation.  [Doc. 182].  In that Combined Objection, Plaintiff contends that Judge Neureiter failed to address certain deficiencies in the underlying administrative record.  [*Id.* at 1, 3–4].  With respect to the Recommendation to deny the Second Motion to Amend, Mr. Harrington further takes issue with Judge Neureiter's application of Rules 16 and 15 and argues that Judge Neureiter's Recommendation conflicts with the Court's prior ruling dismissing Plaintiff's due process claims without prejudice.  [*Id.* at 1–4].

Again, this Court reviews Judge Neureiter's January 22 Order pursuant to the standard set forth in Rule 72(a): i.e., a district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed."  *Ocelot*, 847 F.2d at 1464 (quotation omitted).   The record before the Court does not reveal that the deficiencies in the administrative review of Mr. Warrington's termination arise from age discrimination such that this Court is left with a definite and firm conviction that Judge Neureiter has made a mistake.  To the extent that Mr. Warrington has claims of wrongful termination that are not traceable to age discrimination or another protected class, those claims are more appropriately brought pursuant to the Civil Service Rights Act, which provides an avenue to the Merit Systems Protection Board to challenge purported wrongful termination, including removals.  *See* 5 U.S.C. § 7512; *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5–6 (2012) (citing *United States v. Fausto,* 484 U.S. 439, 455).

17

With respect to the January 22 Recommendation, this Court has reviewed Judge Neureiter's Recommendation *de novo*. As discussed above, whether to grant a motion to amend requires a two-step process, the first of which is to consider whether the moving party has established good cause for amending of Scheduling Order to allow for a late motion. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). This Court's dismissal without prejudice of Plaintiff's constitutional claims was not an invitation to continue to seek amendment without regard to the applicable standards. Mr. Warrington's Objection does not establish diligence to justify amending the Scheduling Order to allow for late amendment or to reject Judge Neureiter's Recommendation; it appears that Mr. Warrington seeks to simply expand the same claims that this Court dismissed earlier without adequate justification, based on documents that he has had for years. [Doc. 182 at 7–32]. And insofar as Plaintiff contends that this Court's Order [Doc. 83] somehow exempted him from satisfying the Tenth Circuit's requirements with respect to amending his operative pleading, such interpretation is inaccurate.

Accordingly, this Court respectfully **OVERRULES** Plaintiff's Combined Objection as to both the January 22 Order and January 22 Recommendation; **ADOPTS** the January 22, 2026 Recommendation; and **DENIES** Plaintiff's Second Motion to Amend.

## V. Other Motions

Given the Court's determination that summary judgment in favor of Defendant is appropriate and that further amendment of Plaintiff's operative pleading is not warranted, all other pending motions [Doc. 173; Doc. 174; Doc. 183; Doc. 186; Doc. 191; Doc. 195] are **DENIED as moot**, as no live claim remains. For the same reason, Mr. Warrington's objection to the April 13 Order [Doc. 201] is **OVERRULED as moot**.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)    "Warrington Motion for Reconsideration of Majistrate (ECF No. 105) Denial" [Doc. 127] is **OVERRULED**;

(2)    Report and Recommendation on Plaintiff's Motion for Leave to Add Back in Defendants and Due Process Violations [Doc. 126] is **ADOPTED**, and Plaintiff's "Motion for Leave to Add Back in Defendants and Due Process Violations Doc83" [Doc. 110] is **DENIED**;

(3)    Plaintiff's Objection to Report and Recommendation on Defendant's Motion for Summary Judgment (ECF No. 130) issued on December 16, 2025 is **OVERRULED**; the December 16 Recommendation [Doc. 164] is **ADOPTED**; and Defendant's Motion for Summary Judgment [Doc. 130] is **GRANTED** in favor of Defendant Markwayne Mullin, in his official capacity as Secretary of Homeland Security, and against Plaintiff Scott Thomas Warrington;

(4)    Plaintiff's Objection to Report and Recommendation on Plaintiff's Motion for Leave to File Second Amended Complaint and Clarifing Motion Regarding Regulatory Noncompliance and Resulting Structural Cardiac Injury (ECF No. 168) issued January 22, 2026 [Doc. 182] is **OVERRULED** as to both the January 22 Order [Doc. 180] and the January 22 Recommendation [Doc. 181]; the January 22 Recommendation [Doc. 181] is **ADOPTED**; and Plaintiff's Motion for Leave to File Second Amended Complaint and Clarifing Motion Regarding Regulatory Noncompliance and Resulting Structural Cardiac Injury [Doc. 168] is **DENIED**;

19

(5)     All other pending motions, [Doc. 173; Doc. 174; Doc. 183; Doc. 186; Doc. 191; Doc. 195], are **DENIED as moot**;

(6)     Plaintiff's Limited Objection to Magistrate Judge's Order (ECF No. 200) [Doc. 201] is **OVERRULED as moot**; and

(7)     The Clerk of the Court is **DIRECTED to TERMINATE** this case.

DATED:  April 22, 2026                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge